**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**MARCUS D.H.,**

**Plaintiff,** **25-CV-189Sr**

**v.**

**COMMISSIONER OF SOCIAL SECURITY,**

**Defendant.**

---

## DECISION AND ORDER

As set forth In the Standing Order of the Court regarding Social Security Cases subject to the May 21, 2018 Memorandum of Understanding, the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment, as set forth in 42 U.S.C. § 405(g).

Plaintiff applied for disability and supplemental security income ("SSI"), benefits with the Social Security Administration ("SSA"), on June 16, 2015, alleging disability beginning June 1, 2010, at the age of 38, due to chronic knee and shoulder pain, bilaterally, and a torn right Achilles tendon. Dkt. #5, p.158.

On September 18, 2015, plaintiff appeared with counsel, along with vocational expert ("VE"), Sakinah Malik, and testified at an administrative hearing before Administrative Law Judge ("ALJ"), Connor O'Brien. Dkt. #5, pp.94-157. After hearing from plaintiff as to his physical limitations, the ALJ asked the VE to advise if any

opinion proffered conflicted with the DOT before asking the VE to assume an individual capable of sedentary exertion who required a sit/stand option that allows for changing position every 60 minutes for up to 5 minutes and, as relevant to this proceeding, was only able to occasionally reach, push, and pull with his lift arm. Dkt. #5, pp.144-146. The ALJ also limited the hypothetical to an individual who could adjust to occasional changes in work setting, make simple work-related decisions and work to fulfill daily quotas or expectations, but could not maintain a fast-paced automated production line pace. Dkt. #5, pp.145-146. The VE clarified that the individual was limited to occasional reaching, pushing and pulling with his left arm before proposing the positions of addresser,[1] document preparer,[2] and tube operator.[3] Dkt. #5, p.147. If the limitation to occasional reaching, pushing and pulling was bilateral, the VE noted that all of the positions required frequent reaching. Dkt. #5, pp.149 & 151. These positions would also be precluded if a limitation for occasional fingering, bilaterally, was added. Dkt. #5, p.153.

---

[1] Numerous courts have found that the position of addresser cannot constitute substantial evidence of available jobs existing in the national economy because they are obsolete. *James T. v. Comm'r of Soc. Sec*., 774 F. Supp.3d 635, 643 (W.D.N.Y. 2025) (collecting cases).

[2] Numerous courts have found that the position of document preparer cannot constitute substantial evidence of available jobs existing in the national economy because they are obsolete. *James T.,* 774 F. Supp.3d at 643.

[3] On June 22, 2024, the SSA issued an Emergency Message establishing heightened evidentiary and articulation requirements for certain DOT job titles "whose continued widespread existence multiple courts have questioned," including addresser, document preparer,and tube operator "since they may be obsolete occupations or no longer exist in significant numbers (that is, at least 9,000 jobs in the national economy) to preclude disability. *Denise W. v. Comm'r of Soc. Sec*., 23-CV-1098, 2025 WL 322249, at *7 n.4 (W.D.N.Y. Jan. 29, 2025).

The ALJ issued an unfavorable decision on September 6, 2018. Dkt. #5, pp.26-37. More specifically, the ALJ determined that plaintiff met the insured status requirement of the SSA through June 30, 2014; had not engaged in substantial gainful activity since the alleged onset date of June 1, 2010; and was experiencing severe impairments from a torn Achilles tendon, deep vein thrombosis, lumbago, straightening of the lumbar spine, degenerative changes of the knee, degenerative joint disease of the left shoulder, and depression. Dkt. #5, pp.28-30. The ALJ found that plaintiff retained the residual functional capacity ("RFC"), to perform sedentary work, except that the plaintiff required a sit/stand option that allows for changing position every 60 minutes for up to 5 minutes and, as relevant to this proceeding, was limited to no more than occasional reaching, pushing and pulling with his left arm. Dkt. #5, p.30. Plaintiff was also limited to occasional changes in work setting and simple work-related decisions. Dkt. #5, p.30. He was able to fulfill daily quotas or expectations, but precluded from a fast-paced, automated, production line pace. Dkt. #5, p.30. Pursuant to SSR-00-4p,[4] the ALJ found that the VE's testimony was consistent with the information contained in the Dictionary of Occupational Titles ("DOT"), and determined that plaintiff was capable of working as an addresser, document preparer, and tube operator, each of which were unskilled, sedentary positions. Dkt. #5, p.37. The Appeals Council denied review on February 8, 2019. Dkt. #5, p.13.

---

[4] SSR-00-4p requires an ALJ to identify and resolve conflicts between VE testimony and the DOT. It was rescinded effective January 6, 2025, with cases decided thereafter governed by SSR-24-3p, which recognizes that the DOT is not the only reliable source of occupational information and requires a VE to identify the source of their data and explain their approach to estimating job numbers. Thus, ALJ's will no longer be required to identify and resolve conflicts between occupational information provided by VEs and information in the DOT. SSR-24-3p, 89 Fed. Reg. 97,158-01, 2024 WL 4988840 (Dec. 6, 2024).

Plaintiff commenced an action in this Court by Complaint dated April 3, 2019. 6:19-CV-6250 at Dkt. #1. By Stipulation and Order entered December 12, 2019, the matter was remanded to the Commissioner for further administrative proceedings. 6:19-CV-6250 at Dkt. #14. The Appeals Council remanded the case to the ALJ with instructions to adequately evaluate the opinion provided by consultative examiner Harbinder Toor, M.D.[5] with respect to Dr. Toor's opinion that plaintiff had a mild to moderate limitation performing fine motor activity with his hands, and to resolve the conflict between the VE's testimony that plaintiff could perform jobs which required frequent reaching when the ALJ determined that plaintiff was limited to occasional reaching, pushing and pulling with the left arm. Dkt. #5, pp.1229-1230. Specifically, the Appeals Council noted that

> In response to a hypothetical question matching the [RFC], the [VE] cited the following representative occupations that the [plaintiff] could perform: addresser . . . document preparer . . . and tube operator . . ., all of which require frequent reaching per the DOT. During her testimony the [VE] later confirmed that all three occupations identified required frequent reaching . . . but did not explain how the [plaintiff] could perform the jobs identified with the reaching limitation as articulated.

Dkt. #5, p.1230.

---

[5] Upon consultative examination by Harbinder Toor, M.D., on August 24, 2015, plaintiff demonstrated, *inter alia*, full range of motion of the right shoulder and 80 degrees elevation and abduction of the left shoulder, with full interior and external rotation and abduction. Dkt. #5, p.554. Plaintiff also demonstrated full range of motion of the elbows, forearms, and wrists bilaterally. Dkt. #5, p.554. However, plaintiff demonstrated mild to moderate difficulty grasping, holding, writing, tying shoe laces, zipping a zipper, buttoning a button, manipulating a coin and holding objects bilaterally, with 3/5 bilateral grip strength and tenderness in the inerphalangeal joints of both hands. Dkt. #5, p.555. Dr. Toor opined that plaintiff would have a moderate limitation to pushing, pulling, and reaching due to left shoulder pain and a mild to moderate limitation doing fine motor activity with the hands. Dkt. #5, p.555. Dr. Toor also opined that plaintiff had moderate to marked limitation to standing, walking, lifting and carrying, as well as a moderate limitation to sitting a long time. Dkt. #5, p.555.

On January 28, 2021 and May 24, 2021, plaintiff appeared with counsel, along with medical expert, Richard Jaslow, M.D., and VE Joseph Atkinson, at an administrative hearing conducted by telephone before ALJ O'Brien. Dkt. #5, pp.1084-1475. Dr. Jaslow opined that plaintiff's rotator cuff tear of the left shoulder and impingment of both shoulders constituted a severe impairment during the period between the alleged onset date and date last insured. Dkt. #5, p.1148. Dr. Jaslow further opined that plaintiff would be limited to occasional overhead reaching with both extremities because of his rotator cuff impingement issues. Dkt. #5, pp.1157-1158.

The ALJ asked the VE to assume an individual capable of sedentary exertion who required a sit/stand option that allows for changing position every 60 minutes for up to 5 minutes and, as relevant to this proceeding, could frequently finger bilaterally and occasionally reach from the shoulder and push and pull with his left non-dominant arm, adjust to occasional changes in work setting, make simple, work-related decisions, and work to fulfill daily quotas or expectations but could not maintain an automated fast-paced production-line pace. Dkt. #5, p.1116. The VE testified that if plaintiff was limited to occasional reach of the non-dominant arm, he would be precluded from substantial gainful employment because "any unskilled sedentary work would require bilateral frequent reaching." Dkt. #5, p.1175. When the ALJ clarified that plaintiff would not be limited in his ability to reach from the elbow, the VE explained that although the DOT defined reaching as any expression of the arm in any direction, if plaintiff was capable of extending forward with his hands and forearms, as required to reach items on a desk or operate a keyboard, based on the ALJ's experience and

knowledge of ergonomics and workstations, plaintiff would be capable of working as a tube operator, document preparer, and addresser. Dkt. #5, pp.1175-1180. The ALJ noted her “distinction between the left non-dominant arm and the right dominant arm, which is not as limited” and inquired how the VE distinguished between the dominant and non-dominant arm. Dkt. #5, p.1118. The VE responded that his opinion was based on his experience, explaining that he “put more weight on impairments of the dominant arm than the non-dominant arm.” Dkt. #5, p.1118. The VE further testified that he had observed the jobs of addresser and document preparer, but not tube operator, and withdrew that position. Dkt. #5, p.1119. If the limitation on bilateral fingering was reduced to occasional, the VE testified that neither the document preparer or addresser positions would be available. Dkt. #5, p.1121.

The ALJ issued an unfavorable decision dated December 27, 2021, which largely mirrored her prior decision. Dkt. #5, pp.1057-1073. However, the ALJ explained:

> Although the [VE’s] testimony is inconsistent with the information contained in the [DOT], there is a reasonable explanation for the discrepancy. The DOT does not address the overhead reaching or sit and/or stand limitation in the [RFC]; however, I relied on the expertise and experience of the vocational expert to find the [plaintiff] can perform the above jobs.

Dkt. #5, p.1071.

Plaintiff commenced an action in this Court by Complaint dated April 26, 2022. 6:22-CV-6185 at Dkt. #1. By Stipulation and Order entered September 7, 2022, the matter was remanded to the Commissioner for further administrative proceedings.

6:22-CV-6185 at Dkt. #11. The Appeals Council remanded the case to the ALJ with instructions to adequately evaluate the opinions provided by consultative examiner Harbinder Toor, M.D. with respect to plaintiff's capacity for sitting, noting that the sitting limitation opined by Dr. Toor was more restrictive than that imposed by the ALJ. Dkt. #7, p.965. The Appeals Council also noted that it was unclear why the opinions of treating physicians Shazia Janmuhammad, M.D.[6] and Thomase McElligott, M.D.,[7] regarding plaintiff's capacity for sitting were discounted. Dkt. #7, p.966. Finally, the Appeals Council determined that it was unclear why the ALJ found plaintiff's limitations were greater than suggested by the medical expert, Richard Jaslow, M.D., but failed to incorporate Dr. Jaslow's occasional overhead reaching limitation bilaterally. Dkt. #7, p.966. In addition, the Appeals Council noted that the ALJ failed to utilize the correct age category under the medical vocational rules, which would suggest that plaintiff be found disabled as of June 11, 2021, when he turned 50. Dkt. #7, p.966. Finally, the Appeals Council directed that, if warranted, evidence should be obtained from a VE to

---

[6] Dr. Janmuhammad, M.D., examined plaintiff for the Monroe County Department of Human Services and observed limited range of motion of plaintiff's left knee and left shoulder, as well as difficulty with heel-to-toe walking and squatting. Dkt. #8, p.344. Dr. Janmuhammad opined that plaintiff was very limited in walking, standing, pushing, pulling, bending, lifting and carrying, but no limitation in sitting. Dkt. #8, p.344. In December of 2012, Dr. Janmuhammad reported mildly limited range of motion in plaintiff's shoulder and opined that plaintiff was moderately limited in his ability to push, pull and bend but had no limitation in his ability to walk, stand or sit. Dkt. #8, pp.343-344. In June of 2021, Dr. Junmuhammad opined that plaintiff was very limited in his ability to walk, push, pull, bend, lift and carry, with moderate limitations in sitting and standing. Dkt. #8, p.344..

[7] Thomas McElligott, M.D., examined plaintiff for the Monroe County Department of Human Services in April of 2015, and reported a limited ability to squat and decreased motion in plaintiff's shoulders and knees. Dkt. #8, p.344. Dr. McElligott opined that plaintiff was very limited in his ability to walk, stand, push, and pull and moderately limited in his ability to sit. Dkt. #8, p.344. In July of 2018, Dr. McElligott reported that plaintiff could not heel-to-toe walk, had a decreased ability to squat and opined that plaintiff was very limited in his ability to walk, stand, push, pull, bend, lift and carry and was moderately limited in his ability to sit. Dkt. #8, p.344.

identify and resolve any conflicts between the occupational evidence provided by the VE and information in the DOT. Dkt. #7, p.966.

On April 6, 2023, plaintiff appeared with counsel, along with VE Daniel E. Myers, and testified by telephone at an administrative hearing before ALJ Brian Kane. Dkt. #8, pp.367-387. The ALJ issued a partially favorable decision dated May 2, 2023. Dkt. #7, pp.852-867. Specifically, the ALJ determined that plaintiff was disabled as of June 11, 2021, when his age fell within the category of closely approaching advanced age. Dkt. #7, p.865. Prior to that date, the ALJ determined that plaintiff was capable of engaging in sedentary work with a sit/stand option that would allow him to change position every 60 minutes for up to 5 minutes and, as relevant to this proceeding, could occasionally reach from the shoulder, push and pull with his left non-dominant arm. Dkt. #7, p.857. The ALJ further determined that plaintiff could adjust to occasional changes in work setting and make simple work-related decisions. Dkt. #7, p.857. He was able to fulfill daily quotas or expectations, but could not maintain a fast-paced, automated production line pace and was limited to no more than occasional contact with the public, coworkers and supervisors. Dkt. #7, p.857. The ALJ relied upon the testimony of the VE to determine that plaintiff would be capable of working as a lens inserter, tube operator or surveillance system monitor, each of which were unskilled, sedentary positions. Dkt. #7, p.866.

Plaintiff commenced an action in this Court by Complaint dated August 23, 2023. 6:23-CV-6483 at Dkt. #1. By Stipulation and Order entered January 23, 2024,

the matter was remanded to the Commissioner for further administrative proceedings. 6:23-CV-6483 at Dkt. #12. The Appeals Council remanded the case to the ALJ with instructions to address the ALJ's failure to include handling or fingering limitations to account for Dr. Toor's opinion that plaintiff had a mild to moderate limitation for fine motor activity with his hands. Dkt. #8, p.427. The Appeals Council also instructed the ALJ to address an apparent conflict between the occupational evidence provided by the VE and information set forth in the DOT. Dkt. #8, p.428. Specifically, the Appeals Council noted that although the jobs cited by the VE required frequent reaching according to the DOT, the ALJ did not ask the VE if the testimony on the reaching limitation was consistent with the DOT and the VE did not testify that it was. Dkt. #8, p.428.

On November 15, 2024, plaintiff appeared with counsel, along with VE Peter Manzi, at an administrative hearing before ALJ Kane. Dkt. #8, pp.368-387. After some testimony regarding plaintiff's activities during the relevant time frame, the ALJ asked the VE to assume an individual who could perform sedentary work with a sit/stand option that allowed for changing position every 60 minutes for up to 5 minutes and, as relevant to this proceeding, was unlimited in his ability to reach from his dominant right shoulder; could occasionally reach from the left non-dominant shoulder; could frequently push and pull with his dominant right hand; could occasionally push and pull with his non-dominant left hand; could adjust to changes in the work setting, could make simple work-related decisions and fulfill daily quotas but could not maintain a fast-paced automated production line pace; and could have occasional contact with

the public, co-workers and supervisors. Dkt. #8, p.377. The VE testified that plaintiff would be precluded from his past employment but could work as a table worker,[8] which is an unskilled, sedentary position with 12,924 jobs available. Dkt. #8, p.379. The ALJ inquired whether the VE's testimony was consistent with the vocational sources cited; the VE responded affirmatively and noted that the separation of the functionality of the upper extremities is not covered in the DOT or the Selected Characteristics of Occupations ("SCO"), but was based upon his experience. Dkt. #8, p.380.

On November 25, 2024, ALJ Kane determined that during the time period between plaintiff's alleged onset date of June 1, 2010 and plaintiff's date last insured of June 30, 2014, plaintiff had the capacity to perform sedentary work with a sit/stand option that allows change of position every 60 minutes for up to 5 minutes and, as relevant to this proceeding, was capable of no more than occasional reaching from the shoulder and pushing and pulling with his left non-dominant arm, and could adjust to occasional changes in the work setting, make simple work-related decisions, and fulfill daily quotas and expectations, but could not maintain a fast-paced, automated, production line pace, and could have occasional contact with the public, co-workers and supervisors. Dkt. #8, pp.334-350.

---

[8] The DOT Listing for Table Worker describes this position as requiring an individual to examine squares (tiles) of felt-based linoleum material passing along on a conveyor and to replace missing and substandard tiles. DICOT 739.687-182. The listing indicates that the job requires frequent reaching, pushing and pulling. DICOT 739.687-182.

With respect to plaintiff's shoulder impairment, ALJ Kane determined that plaintiff had the capacity to "occasionally reach from the shoulder, push, pull with his left non-dominant arm." Dkt. #8, p.339. ALJ Kane recognized an MRI of the left shoulder revealing a full-thickness tear through the tendon of the infraspinatus muscle initially treated with cortisone injections and then treated with left shoulder glenohumeral joint debridement and debridement of the undersurface of the cuff, subacromial decompression, and acromioplasty. Dkt. #8, p.340. Despite such treatment, the ALJ noted that plaintiff continued to experience pain and indicated that pushing, pulling, lifting and reaching with the left shoulder was difficult. Dkt. #8, p.340. The ALJ also noted that a right shoulder x-ray from March 2021 revealed mild-to-moderate acromioclavicular degenerative joint disease with spurring at the distal acromion. Dkt. #8, p.341. The ALJ noted that his assessment of plaintiff's RFC was consistent with Dr. Janmuhammad's opinion that plaintiff was limited in his ability to push and pull. Dkt. #8, p.344. The ALJ further noted that his assessment of plaintiff's RFC was consistent with the opinion of Thomas McElligott, M.D., who observed decreased motion in plaintiff's shoulders and opined that plaintiff was very limited in his ability to push and pull. Dkt. #8, pp.344-345. The ALJ accorded the opinions of Dr. Toor and Dr. Jaslow partial weight, noting that the medical record did not reveal ongoing treatment for plaintiff's complaints of shoulder pain and that there was no evidence of ongoing treatment for plaintiff's complaints regarding his hands. Dkt. #8, p.343.

Based upon the testimony of the VE, the ALJ determined that, during the time period relevant to plaintiff's claim for disability benefits, *i.e.,* between the alleged

onset date of June 1, 2010 and June 30, 2014, his date last insured, plaintiff was capable of working as a table worker, which is a sedentary, unskilled position. Dkt. #8, pp.348-349. The ALJ stated that, pursuant to SSR 00-4p, he had determined that the vocational expert's testimony was consistent with the information contained in the DOT. Dkt. #8, p.349.

## DISCUSSION AND ANALYSIS

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009). If the evidence is susceptible to more than one rational interpretation, the Commissioner's determination must be upheld. *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). "Where an administrative decision rests on adequate findings sustained by evidence having rational probative force, the court should not substitute its judgment for that of the Commissioner." *Yancey v. Apfel*, 145 F.3d 106, 111 (2d Cir. 1998).

To be disabled under the Social Security Act ("Act"), a claimant must establish an inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than

twelve months. 20 C.F.R. § 404.1505(a). The Commissioner must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 404.1520(a). At step one, the claimant must demonstrate that she is not engaging in substantial gainful activity. 20 C.F.R. § 404.1520(b). At step two, the claimant must demonstrate that she has a severe impairment or combination of impairments that limits her ability to perform physical or mental work-related activities. 20 C.F.R. § 404.1520(c). If the impairment meets or medically equals the criteria of a disabling impairment as set forth in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and satisfies the durational requirement, the claimant is entitled to disability benefits. 20 C.F.R. § 404.1520(d). If the impairment does not meet the criteria of a disabling impairment, the Commissioner considers whether the claimant has sufficient RFC for the claimant to return to past relevant work. 20 C.F.R. § 404.1520(e)-(f). If the claimant is unable to return to past relevant work, the burden of proof shifts to the Commissioner to demonstrate whether the claimant could perform other jobs which exist in significant numbers in the national economy, based on claimant's age, education and work experience. 20 C.F.R. § 404.1520(g).

Plaintiff argues that the ALJ failed to provide sufficient reasons for affording only partial weight to the opinions of Dr. Janmuhammad and Dr. McElligott regarding plaintiff's capacity for sitting, even though such opinions were supported by the opinion of the consulting examiner, Dr. Harbinder Toor. Dkt. #11-1, pp.14-17. Plaintiff also argues that the ALJ erroneously rejected opinions regarding plaintiff's mental RFC. Dkt. #11-1, pp.17-18. Finally, plaintiff argues that the ALJ failed to

reconcile obvious conflicts between the RFC and the solitary job identified at Step 5. Dkt. #11-1, pp.18-22. Specifically, plaintiff argues that the RFC contains a limitation to occasional reaching from the non-dominant left side, while the job identified by the VE requires frequent reaching. Dkt. #11-1, p.20. Plaintiff notes that his claim has been remanded twice before for the same error. Dkt. #11-1, pp.18-22. Plaintiff also questions whether the table worker position contradicts the limitation that plaintiff cannot maintain a fast paced, automated production line pace. Dkt. #11-1, p.21. Given the ALJ's repeated failure to comply with the directives of the Appeals Council on remand, and the length of time his claim has been pending, plaintiff argues that the matter should be remanded for calculation of benefits. Dkt. #11-1, pp.21-26.

The Commissioner agrees that remand is appropriate because an apparent conflict between the VE's testimony and the DOT was not resolved, but requests that the matter be remanded for further administrative proceedings. Dkt. #14-1, p.5. More specifically, the Commissioner concedes that although the VE testified that the DOT did not address the separation of the functionality of the upper extremities, neither the VE nor the ALJ acknowledged the potential conflict between the frequent reaching required under the DOT and the ALJ's limitation of plaintiff's RFC to occasional reaching of the left extremity. Dkt. #14-1, pp.6-7. However, the Commissioner argues that "with further inquiry, the VE may have explained why his testimony differed from the DOT, and the ALJ may have determined that the VE's explanation was reasonable." Dkt. #14-1, p.7.

The standard for directing a remand for calculation of benefits is met where the record persuasively demonstrates the plaintiff's disability and there is no reason to conclude that further evidentiary proceedings might prove that the plaintiff is not disabled. *James T. v. Comm'r of Soc. Sec.*, 774 F. Supp.3d 635, 640 (W.D.N.Y. 2025). Where the administrative record is complete and the evidence, properly considered, clearly establishes that plaintiff was disabled, remanding for further proceedings serves no purpose. *Id.*

"Standing alone, remand for the calculation of benefits may be justified when the Commissioner fails to meet his Step-Five burden." *Misty D. v. Comm'r of Soc. Sec.*, 25-CV-503, 2026 WL 2686638, at *5 (W.D.N.Y. Sept. 14, 2026). Moreover, while delay alone is generally an insufficient basis on which to remand for calculation of benefits, "where a claim has previously been remanded and the Commissioner has been afforded multiple opportunities to carry his burden, remand for calculation and payment of benefits may be appropriate." *Id., quoting Steven C. v. Comm'r of Soc. Sec.*, 592 F. Supp.3d 132, 141 (W.D.N.Y. 2022) (collecting cases).

In the instant case, setting aside plaintiff's arguments that the current RFC is not supported by substantial evidence, it is clear that the Commissioner has failed to meet his burden of demonstrating that plaintiff is capable of working as a table worker. Specifically, the VE did not explain how an individual limited to occasional reaching with his left non-dominant arm would be able to work as a table worker. *See Claudette M. v. Comm'r of Soc. Sec.*, 6:24-CV-1477, 2026 WL 1024064, at *11 (W.D.N.Y. Jan. 30,

2026) (remand appropriate where the VE testimony did not provide clarity as to how the reaching limitation was not in conflict with the degree of reaching required by the job, other than to rely on his professional knowledge and experience), *R&R adopted by* 2026 WL 571251 (March 2, 2026). Although the VE noted that the separation of the functionality of the upper extremities is not covered in the DOT or the Selected Characteristics of Occupations ("SCO"), but was based upon his experience, the ALJ erroneously determined that the VE's testimony was consistent with the information contained in the DOT. *See John C. v. Comm'r of Soc. Sec*., 22-CV-365, 2024 WL 3759753, at *4 (W.D.N.Y. Aug. 12, 2024) (limitation to only one extremity does not relieve ALJ of duty to obtain a reasonable explanation as to the apparent conflict between the testimony of the VE and the DOT). The ALJ's conclusory statement that the VE's testimony was consistent with the DOT did not satisfy his duty to identify, explain, and resolve conflicts between the VE testimony and the DOT. *Kenneth M. v. Comm'r of Soc. Sec*., 20-CV-1024, 2022 WL 1004351, at *9 (W.D.N.Y. April 4, 2022).

As this matter has been pending eleven years and has already been remanded four times, three of which were specifically to address the apparent conflict between the VE's testimony that plaintiff could perform jobs which required frequent reaching when the RFC limited plaintiff to occasional reaching with his left extremity, the Court finds a fourth opportunity to address the same legal error is unwarranted. *See Angela M. v. Comm'r of Soc. Sec.,* 6:23-CV-6646, 2025 WL 2528731, at *5 (W.D.N.Y. Sept. 3, 2025) (after five hearings over 15 years, "this case presents just the type of egregious situation wherein there can be no confidence that additional proceedings will

provide an appropriate resolution); *James B. v. Comm'r of Soc. Sec.,* 23-CV-873, 2024 WL 4471080, at *3 (W.D.N.Y. Oct. 11, 2024) (Commissioner is not entitled to adjudicate a case *ad infinitum* until he correctly applies the proper legal standard and gathers evidence to support his conclusion.).

## CONCLUSION

Based on the foregoing, plaintiff's motion for judgment on the pleadings (Dkt. #11), is granted and the matter is remanded for calculation of benefits and the Commissioner's motion to remand for further administrative proceedings (Dkt. #14), is denied.

The Clerk of the Court is directed to close this case.

**SO ORDERED.**

**DATED: Buffalo, New York**
**September 30, 2026**

**s/ H. Kenneth Schroeder, Jr.**
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**